# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DWIGHT LEE CROSDALE, | : | HABEAS CORPUS |
| GDC # 1184704, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| DANNIE THOMPSON, Warden, | : | 1:10-CV-1693-TWT-GGB |
| Smith State Prison; MICHAEL J. | : | |
| BOWER, Attorney General, | : | |
| Respondents. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Dwight Lee Crosdale, an inmate at the Smith State Prison in Glennville, Georgia, has filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking to challenge his February 24, 2009, convictions in the Gwinnett County Superior Court of voluntary manslaughter and two counts of armed robbery. Presently before the undersigned for consideration is a motion to dismiss for failure to state a claim [Doc. 7] and a motion to dismiss for lack of exhaustion [Doc. 8] filed by Respondents.

## Background

On February 24, 2009, Petitioner entered a guilty plea in the Gwinnett County Superior Court to voluntary manslaughter and two counts of armed robbery and was

sentenced to a total of thirty years of incarceration followed by fifteen years of probation. [Doc. 1]. Respondent indicates that Petitioner filed a motion to modify sentence on January 15, 2010, in the trial court, and that the motion was denied on January 22, 2010. [Doc. 8]. On May 26, 2010, Petitioner signed this federal habeas corpus petition, and it was filed on June 1, 2010. [Doc. 1]. In his petition, Petitioner indicates that he did not appeal his convictions and sentences, and that he has not filed any other petitions, motions, or applications with respect to his convictions in state or federal court. [Id.]. Petitioner also does not specify any grounds for relief in the instant petition; rather, he appears to restate the charges from the indictment. Respondents have filed a motion to dismiss for failure to state a claim [Doc. 7], stating that Petitioner has not raised any grounds indicating a constitutional violation. Respondents have also filed a motion to dismiss for lack of exhaustion [Doc. 8], contending that Petitioner has made no attempt exhaust his state court remedies.

## Discussion

Federal habeas relief is available to correct only federal constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wainwright v. Goode, 464 U.S. 78, 83-84 (1983). Here, Petitioner has failed to raise any claims alleging that his constitutional rights were violated in his state criminal proceedings.

2

AO 72A
(Rev.8/82)

Thus, his petition is subject to dismissal for failure to state a claim.

In addition, it does not appear from the face of the petition that Petitioner has exhausted any of the state remedies available to him. Pursuant to 28 U.S.C. § 2254(c), "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." The Supreme Court has interpreted § 2254(c) to require that state prisoners give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Because Petitioner has not exhausted his state court remedies, his petition is subject to dismissal.

### **Certificate of Appealability**

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner

AO 72A
(Rev.8/82)

satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The undersigned finds that Petitioner has failed to make a substantial showing of being denied a constitutional right. Petitioner has not raised any federal constitutional claims challenging his state conviction and sentence, and it does not appear that he has exhausted his state remedies. Thus, a certificate of appealability should not issue. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## Conclusion

Based on the foregoing, **I RECOMMEND** that Respondents' motion to dismiss for failure to state a claim and motion to dismiss for lack of exhaustion [Docs. 7 and 8] be **GRANTED** and that the petition be **DISMISSED** without prejudice.

**IT IS ORDERED** that Petitioner's motion for appointment of counsel [Doc. 6] be **DENIED** as moot.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**IT IS SO ORDERED AND RECOMMENDED** this 11th day of February, 2011.

                                              */s/ Gerrilyn G. Brill*
                                              GERRILYN G. BRILL
                                              UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)